UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

WINDY CITY ROOTER, INC.,   CASE NO.

    Plaintiff,

vs.

SPEEDEE ROOTER, INC. d/b/a
VANDERBOSCH PLUMBING, INC.,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, Windy City Rooter, Inc., (referred to herein as "Plaintiff"), in its Complaint against Defendant Speedee Rooter, Inc., d/b/a VanDerBosch Plumbing, Inc. (referred to herein as "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This suit arises from Defendant's unauthorized use and misappropriation of Plaintiff's protected marks and identifiers in connection with plumbing, sewer, and drain services.

2. This is an action for trademark infringement, unfair competition, false designation of origin, and trademark dilution under the Lanham Act arising from Defendant's trading on Plaintiff's goodwill through Defendant's use of Plaintiff's trademark.

3. In particular, Defendant has used "WE CLEAN OUT YOUR PIPES - NOT YOUR WALLET" ("Infringing Mark"), a phrase virtually identical or similar to Plaintiff's registered trademark "WE DRAIN YOUR PIPES, NOT YOUR WALLET".

4. Defendant has used the Infringing Mark in advertisements in direct competition with Plaintiff.

1

5. Plaintiff now brings this action for injunctive and other relief under the Lanham Action for trademark infringement, unfair competition, false designation of origin, and trademark dilution. Plaintiff seeks to prevent further unauthorized use and misappropriation of its trademark by Defendant; to cause Defendant to cease and desist from further defrauding the American public; and to recover damages arising from Defendant's willful and bad faith actions and other wrongful acts.

## PARTIES

6. Plaintiff is an Illinois corporation registered with the Illinois Secretary of State whose principal office is located in Lake County, Illinois.

7. Defendant is an Illinois corporation whose principal office is located in Cook County, Illinois.

## JURISDICTION AND VENUE

8. Subject matter jurisdiction is proper in this Court inasmuch as this action asserts violations under 15 U.S.C. §§ 1117 and 1125. Therefore, this Court has jurisdiction over those claims, and related unfair competition claims pursuant to 15 U.S.C § 1121(a), 28 U.S.C. §§ 1331, and 1338(b).

9. This Court has personal jurisdiction over Defendant because Defendant is a corporation formed under the laws of the State of Illinois with a principal place of business in this District, consequently Defendant is a resident and citizen of the State of Illinois and this District; because Defendant has committed tortious acts in this District; because Defendant through Defendant's advertising and sale of plumbing, sewer, and drain services using Plaintiff's trademark and via a website accessible in this District, and provided services to consumers in this District; because Defendant has purposefully directed their course of conduct and other infringing acts

toward, and has injured, Plaintiff using Plaintiff's trademark in a confusingly similar way and via a website accessible in this District; because Defendant has purposefully directed their course of conduct and other infringing acts toward, and has injured, Plaintiff, which is an entity having its principal place of business in this District; and because a substantial portion of the property that is the subject of this action, namely Plaintiff's intellectual property is situated within this District.

10. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and by Plaintiff's choice of venue.

## GENERAL ALLEGATIONS

### Plaintiff's Business and Trademark

11. Through 2010 to the present, Plaintiff has been in the plumbing, sewer, and drain business, licensed in Illinois as a certified plumbing, sewer, and drain contractor, exclusively offering high-quality plumbing, sewer, and drain services.

12. Upon commencing operations, Plaintiff commenced building up its brand through creation of its website, phonebook advertisements, direct mailings, print media, radio marketing campaigns, digital marketing campaigns, and social media. In addition, Plaintiff expended significant resources to optimize development of its brand.

13. Plaintiff generally markets and offers for sale its plumbing, sewer, and drain services through its website windycityrooter.com, which was established in 2010.

14. Plaintiff is the registered owner of the federal registration for its "WE DRAIN YOUR PIPES, NOT YOUR WALLET" trademark in the form of a word mark through the United States Patent & Trademark Office identified as Registration Number 4,785,635 registered on August 4, 2015, a true and correct copy of which is attached as <u>Exhibit A</u> (referred to herein as the "Mark").

3

15. Plaintiff adopted its trademark in 2014 to identify its plumbing services business and to distinguish itself from other companies on the market. Since its inception, Plaintiff has continuously used the Mark in commerce throughout the United States in connection with the marketing, selling, and performing of Plaintiff's plumbing, sewer, and drain services. Plaintiff's use of the Mark has been substantially exclusive during that time.

16. Plaintiff owns all common law right, title, and interest to the Mark.

17. Plaintiff expended considerable sums in marketing its plumbing, sewer, and drain services under the Mark. For example, since 2014, Plaintiff has extensively promoted Plaintiff under or in association with the Mark through advertising campaigns, print media campaigns, and internet marketplace advertising, reaching millions of customers and potential customers on a monthly basis.

18. Through Plaintiff's longstanding use and promotional activities related to the Mark, and due to the widespread and favorable public acceptance and recognition of the Mark, the Mark has become a distinctive designation of the source of origin for Plaintiff's goods and services.

19. Plaintiff has exerted every effort to maintain the highest standard of quality for the Mark. Plaintiff has enjoyed considerable success and is well known as the source of origin of Plaintiff's plumbing, sewer, and drain services.

**Defendant's Trademark Infringement**

20. Defendant is a competitor of Plaintiff in the plumbing, sewer, and drain industry.

21. Defendant operates a website accessible within this district at https://www.vanderbosch.com. Attached as Exhibit B is a printout of Defendant's website displaying the Infringing Mark.

22. Plaintiff's use of the Mark predates Defendant's use of the Infringing Mark.

23. Plaintiff has not in any way authorized Defendant's use of the Infringing Mark or of Plaintiff's Mark in association with Defendant's competing business.

24. On or about September 24, 2024, Plaintiff put Defendant on notice of Defendant's unlawful infringement of Plaintiff's trademark and demanded that Defendant immediately cease its conduct in which Defendant's principal responded that Defendant refuses to comply.

25. Defendant's use of the Infringing Mark to sell and advertise its competing services was done with full knowledge of Plaintiff's Mark and has been a willful, intentional, and deliberate course of action designed specifically to trade upon the goodwill associated with Plaintiff's Mark as well as the distinctiveness, strength, and value thereof.

26. By Defendant using the Infringing Mark to sell and advertise its competing services, Defendant has attempted and/or is attempting to unfairly profit from the name, reputation, and advertising of Plaintiff.

27. Defendant's use of the Infringing Mark to sell and otherwise advertise Defendant's services offered in competition with Plaintiff, causes the likelihood of confusion, mistake or deception as to whether Defendant's services are sponsored, affiliated or approved by Plaintiff or whether Plaintiff is affiliated or associated with Defendant. Such conduct by Defendant deprives Plaintiff of the ability to control the quality of the services marketed under the infringed Mark, and instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendant, over whom Plaintiff has no control, and who is in fact a competitor.

28. Defendant has and will continue to make substantial profits and gains to which it is not entitled to in law or equity.

29. The goodwill of Plaintiff for Plaintiff's Mark is of significant value, and harm to such goodwill is irreparable.

30. Plaintiff has and will continue to sustain damages which include lost income, profits, and business opportunities as well as irreparable harm to its business, reputation, and goodwill as a direct and proximate result of Defendant's actions.

31. Plaintiff has no adequate remedy at law for the acts of infringement and other unlawful acts complained of herein and such acts have caused and will continue to cause damage and irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violations of Plaintiff's rights.

32. Defendant's actions have not only caused customer visibility of services offered by Plaintiff to be superseded by Defendant's products and services, but also caused or may cause Plaintiff to experience lost sales, lost profits, loss of goodwill, lost business opportunities, lost customers, and damage to its business reputation.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT §1114

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 as if fully stated herein.

34. By using the phrase "WE CLEAN OUT YOUR PIPES – NOT YOUR WALLET", Defendant infringed and continues to infringe upon Plaintiff's federally registered trademark for "WE DRAIN YOUR PIPES – NOT YOUR WALLET".

35. Defendant's use of the phrase "WE CLEAN OUT YOUR PIPES – NOT YOUR WALLET" is likely to cause confusion among consumers who are interested in utilizing Plaintiff's services.

36. As a result of its unauthorized use of the phrase "WE CLEAN OUT YOUR PIPES – NOT YOUR WALLET" in connection with the advertising, promotion, and sale of its plumbing, sewer, and drain services, Defendant is likely to cause confusion or to cause mistake or to deceive

6

the public in violation of the Lanham Act, 15 U.S.C. § 1114.

37. Defendant is likely to have mislead and to continue to mislead prospective consumers as to an affiliation, connection, or association between Defendant or its services, and Plaintiff, or its services, or as to the origin, sponsorship, or approval by Plaintiff of Defendant, or its services, causing consumers to rely thereon, in violation of the Lanham Act, 15 U.S.C. § 1114.

38. On information and belief, Defendant's acts were and are untaken willfully and in bad faith and in conscious disregard of Plaintiff's prior trademark rights, in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, it services and its registered trademark. Defendant thereby intended and intends to mislead the public into believing that there is a connection, affiliation, or association between Defendant, or its services, and Plaintiff or its services.

39. Defendant is trading on the goodwill symbolized by Plaintiff's registered trademark and, by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business reputation, and goodwill and will sustain loss of revenues and profits.

40. Defendant's use of the phrase "WE CLEAN OUT YOUR PIPES – NOT YOUR WALLET" continues to cause harm to Plaintiff's goodwill and continues to create a likelihood of confusion among consumers that causes harm to Plaintiff's market share and trademark rights.

41. Unless temporarily and permanently restrained by this Court, Defendant's acts will immediately and irreparably injure Plaintiff's goodwill, erode its market share and cause confusion in the marketplace with regard to the source of Defendant's services.

**WHEREFORE**, the Plaintiff demands judgment as set forth in the Prayer for Relief against Defendant.

## COUNT II
### FALSE DESIGNATION OF ORIGIN & UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)/LANHAM ACT 43(a)

42. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 as if fully stated herein.

43. Defendant has used the Infringing Mark in commerce.

44. Defendant advertises through its website the phrase that is confusingly similar to the Plaintiff trademark in connection with plumbing, sewer, and drain goods and services where use is likely to cause confusion, mistake, or to deceive as to the origin, sponsorship, association or approval of such goods and services offered on Defendant's website.

45. Such use of the Infringing Mark by Defendant has misrepresented and falsely described to the general public the origin and source of products and services offered for sale.

46. Defendant knew or should have known, such use of the Infringing Mark by Defendant constitutes a reproduction of the Plaintiff's Mark and would cause confusion, mistake, or deception among the consumers and the public.

47. Defendant's acts are causing irreparable injury to Plaintiff, for which there is no adequate remedy at law, and will continue to do so unless and until Defendant's use of the Infringing Mark is enjoined by this Court.

48. Upon information and belief, Defendant's conduct as described above has been willful, wanton, reckless, and in total disregard for Plaintiff's rights.

49. The confusion, mistake, or deception referred to herein arises out of the acts of Defendant and the acts of Defendant constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act and 15 U.S.C. § 1125(a), and Plaintiff is entitled to Defendant's profits resulting from those actions, the damages caused to Plaintiff as a result of those

actions, the costs of this action, and reasonable attorneys' fees in accordance with 15 U.S.C. § 1117.

50. Unless temporarily and permanently restrained by this Court, Defendant's acts will immediately and irreparably injure Plaintiff's goodwill, erode its market share and cause confusion in the marketplace with regard to the source of Defendant's services.

**WHEREFORE**, the Plaintiff demands judgment as set forth in the Prayer for Relief against Defendant.

### COUNT III
### TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

51. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 as if fully stated herein.

52. The Plaintiff Mark is distinctive and famous within meaning of the Lanham Act.

53. The unlawful acts of Defendant continued long after the Plaintiff Mark became famous, and Defendant acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute the Plaintiff Mark.

54. Such acts of Defendant as asserted herein have diluted and will continue to dilute the Plaintiff Mark, and is likely to impair the distinctiveness, strength, and value of the Plaintiff Mark, and injure the business reputation of Plaintiff and the Plaintiff Mark.

55. Such acts of Defendant have caused and will continue to cause Plaintiff irreparable harm. As the acts alleged herein constitute a willful violation of Section 43 (c) of the Lanham Act, 15 U.S.C. 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies, including Defendant's profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

**WHEREFORE**, Plaintiff demands judgment as set forth in the Prayer for Relief against Defendant.

### RELIEF REQUESTED

**WHEREFORE**, the Plaintiff, Windy City Rooter Inc., respectfully seeks the following relief against Defendant Speedee Rooter, Inc., d/b/a VanDerBosch Plumbing, Inc.:

a. A preliminary and permanent injunction enjoining, restraining, and ordering Defendant, and its officers, agents, servants, attorneys, and other persons who are in active concert or participation with it:

- To cease using the phrase "WE CLEAN OUT YOUR PIPES – NOT YOUR WALLET", "WE DRAIN YOUR PIPES – NOT YOUR WALLET", or any other colorable imitation or mark confusingly similar to each; and

- To cease advertising or promoting services in a false or misleading manner; and

- Destruction or any and all advertising, marketing, or other informational materials in the possession, custody or control of Defendant bearing the "WE DRAIN YOUR PIPES – NOT YOUR WALLET" trademark or any other colorable imitation or mark confusingly similar to the Plaintiff's Mark including "WE CLEAN OUT YOUR PIPES – NOT YOUR WALLET"; and

- To disseminate, in a form to be approved by the Court, advertising designed to correct the aforementioned infringing acts to date;

b. Judgment that Defendant has committed trademark infringement under 15 U.S.C. § 1114;

c. Judgment that Defendant has committed unfair competition under 15 U.S.C. § 1125(a);

d. Judgment that Defendant has committed false designation of origin under 15 U.S.C. § 1125(a);

e. Judgment that Defendant has committed trademark dilution under 15 U.S.C. 1125(c);

f. An entry of judgment requiring Defendant to file with the Court and provide to Plaintiff an accounting of all sales and profits realized as a result of Defendant's infringing, counterfeit and diluting actions, and a judgment for the actual damages suffered by Plaintiff as a result of Defendant's acts of infringement together with interests and costs; and pay for corrective advertising;

g. An award of special and general damages in an amount to be determined during the course of the action, including but not limited to (1) all profits received by Defendant from sales and revenues of any kind made as a result of Defendant's infringing, counterfeit and diluting actions and all damages suffered by Plaintiff, or, (2) in the alternative at Plaintiff's election, statutory damages including without limitation those provided by 15 U.S.C. § 1117;

h. Judgment awarding Plaintiff enhanced damages under 15 U.S.C. § 1117 for Defendant's willful and deliberate infringement of Plaintiff's trademark;

i. An entry requiring Defendant to immediately identify to Plaintiff each of their customers, vendors, members, distributors, or website operators through whom Defendant has offered infringing services, and all others with whom they do business, and provide to each a copy of the Court's injunction order, and inform them in writing that they must immediately cease, upon pain of contempt of the Court, the distribution, displaying, marketing, advertising, and sale of any

11

service using Plaintiff's trademark, or any confusingly similar designation;

  j. An entry requiring Defendant to file with this Court and serve on Plaintiff's counsel within thirty days after the entry of an order, a report, in writing under oath, setting forth in detail the manner and form in which they have complied with the terms of the order and judgment herein;

  k. Compensatory damages; exclusive of an award of interest, including prejudgment interest on the foregoing sums; an award of the costs of suit incurred herein; and reasonable attorney's fees; on account of the exceptional nature of Defendant's infringing acts; and

  l. Any and all other and further relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff hereby demands a jury trial on all issues so triable.

On this 3rd day of February, 2025.

            Respectfully Submitted,

            /s/Jennifer Gordon
            Jennifer Gordon (Bar No. 6298582)
            Adnan Shams (Bar No. 6297602)
            Lorium P.C.
            401 N. Michigan Ave. Suite 1200
            Chicago, Illinois 60611
            O: (312) 564-5757
            F: (312) 564-5758
            jgordon@loriumlaw.com
            ashams@loriumlaw.com